Filed 3/4/22  P. v. Toro CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075818 |
| v. | (Super.Ct.No. RIF1804068) |
| BRYAN CARRANZA TORO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.

Affirmed with directions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant

and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B.

Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant and appellant Bryan Carranza Toro of infliction of corporal injury resulting in a traumatic condition. (Pen. Code,[1] § 273.5, subd. (a).) The trial court placed him on felony probation for a period of three years.

On appeal, defendant contends: (1) his term of probation should be reduced to two years pursuant to Assembly Bill No. 1950 (Assem. Bill 1950); and (2) the probation condition requiring him to report any law enforcement contacts within 48 hours is constitutionally vague and overbroad. We agree that the probation condition is vague and overbroad and remand the matter for modification consistent with this opinion. In all other respects, we affirm the judgment.

## FACTUAL BACKGROUND[2]

Defendant and his ex-girlfriend (the victim) went to the fair, and after they returned, got into an argument. During the argument, defendant punched the victim in the face, causing her nose to bleed and swell.

## DISCUSSION

### I. Defendant's Offense is Exempted from Assembly Bill 1950

Defendant contends his probation term should be reduced from three years to two years under Assembly Bill 1950, which he argues applies retroactively to him.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Because the facts of the offense are not relevant to the issues on appeal, we will only provide a brief recitation of the facts.

The People do not dispute the retroactive applicability of Assembly Bill 1950 but contend that defendant is not entitled to its benefits since his crime had a specified probation term. We agree with the parties that Assembly Bill No. 1950 operates retroactively here. (*In re Estrada* (1965) 63 Cal.2d 740, 744-745.) We also agree with the People and conclude that defendant is exempt from Assembly Bill No. 1950's ameliorative benefits.

Assembly Bill No. 1950 amended section 1203.1 to restrict the length of most probation terms. (Stats. 2020, ch. 328, §§ 1 & 2.) Effective January 1, 2021, felony probation terms are generally limited to two years. (§ 1203.1, subd. (a); *People v Saxton* (2021) 68 Cal.App.5th 428, 431 (*Saxton*).) Exempt from this limit are offenses that "include[ ] specific probation lengths within its provisions." (§ 1203.1, subd. (*l*)(1); see *Saxton*, at p. 431.) Whether defendant's case falls within this exemption in 1203.1, subdivision (*l*)(1), presents an issue of statutory interpretation for our independent review. (*Saxton*, *supra*, 68 Cal.App.5th at p. 431.) "As with any issue of statutory interpretation, '[o]ur fundamental task is to ascertain the Legislature's intent when it enacted' Assembly Bill 1950. [Citation.] 'We begin with [Assembly Bill 1950's] words, giving them their plain, commonsense meanings.' [Citation.] 'We construe the words in context of related statutes, harmonizing them whenever possible.' [Citation.] 'We presume the Legislature "was aware of existing related laws" when it enacted [Assembly Bill 1950], and that it "intended to maintain a consistent body of rules." ' " (*Id*. at p. 432.)

3

Here, defendant was convicted of violating section 273.5 (inflicting corporal injury). Section 1203.1, subdivision (a), provides that felony probation terms are generally limited to two years unless the offense contains "specific probation lengths within its provisions." (§§ 1203.1, subds. (a) & (*l*)(1).) Section 273.5 provides that "[i]f probation is granted to any person convicted under subdivision (a), the court shall impose probation consistent with the provisions of Section 1203.097." (§ 273.5, subd. (g).) Section 1203.097, in turn, provides that "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include . . . [¶] (1) A minimum period of probation of 36 months, which may include a period of summary probation as appropriate." (§ 1203.097, subd. (a)(1).) Section 6211, subdivision (c), includes: "A person with whom the respondent is having or has had a dating or engagement relationship."

Defendant specifically contends his probation term should be reduced to two years because section 273.5 does not specify a longer period of probation within its provisions, but instead "refers to another statute that does." The People argue that a violation of section 273.5 is a crime with specific probation lengths, and therefore defendant is exempted from Assembly Bill 1950's probation term reduction. Giving the words of the statutes their plain, commonsense meanings (*Saxton*, *supra*, 68 Cal.App.5th at p. 432), we agree with the People that defendant's conviction and grant of probation for inflicting corporal injury on his ex-girlfriend meant he was "granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code." (§ 1203.097, subd. (a).) Therefore, under the mandates of section

4

1203.097, which section 273.5 incorporates, his probation must be a minimum of three years.  (§§ 1203.97, subd. (a)(1) & 1203.1, subd. (*l*)(1).)

## II.  The Probation Term at Issue is Vague and Overbroad

The trial court imposed the following probation term:  "Report any law enforcement contacts to the Probation Officer within 48 hours."  Defendant contends that this probation condition is unconstitutionally vague because it "fails to put [him] on notice of what events he must report to his probation officer."  He also argues the condition is overbroad because it burdens his right to free association and "does not delineate between casual contact unrelated to criminality, and contact warranting some further investigation by a probation officer."[3]  The People agree that the condition is facially unconstitutional as written and should be modified to sufficiently inform defendant of what type of contact requires reporting.  We agree.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders.' "  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to

---

[3]  Defendant recognizes that since defense counsel made no objection to this probation condition, he forfeited any challenge under *People v. Lent* (1975) 15 Cal.3d 481, 486.  However, he did not forfeit his claims on appeal since they are facial constitutional challenges that do not require scrutiny of the individual facts and circumstances of his case.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889 (*Sheena K*).)

withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Ibid.*)

In *People v. Relkin* (2016) 6 Cal.App.5th 1188 (*Relkin*), the court considered a condition of mandatory supervision that required the defendant "to 'report to the probation officer, no later than the next working day, any arrests or any contacts with or incidents involving any peace officer.' " (*Id.* at p. 1196.) The defendant argued that the phrases " 'contacts with' and 'incidents involving' peace officers are uncertain because one cannot determine whether those terms include occasional conversation[s] with a police officer who lives down the street, answering an officer's questions as a witness to a crime, or participation in a demonstration where officers are present." (*Id.* at pp. 1196–1197.) The defendant also contended that "the condition is vague because it is subject to the ' "whim of any police or probation officer," ' and unconstitutionally infringes on his rights under the First Amendment of the United States Constitution." (*Id.* at p. 1197.)

The court in *Relkin* concluded that the condition was unconstitutionally vague and overbroad, in part. It explained that "the portion of the condition requiring that defendant report 'any contacts with . . . any peace officer' is vague and overbroad and does indeed leave one to guess what sorts of events and interactions qualify as reportable." (*Relkin*, *supra*, 6 Cal.App.5th at p. 1197.) The court disagreed with the People's argument that the condition "[was] clearly not triggered when defendant says

6

'hello' to a police officer or attends an event at which police officers are present, but would be triggered if defendant were interviewed as a witness to a crime or if his 'lifestyle were such that he is present when criminal activity occurs.' " (*Ibid*.) The court held that, "[t]he language does not delineate between such occurrences and thus casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Ibid*.) The court thus remanded the matter to the trial court with directions to modify the condition to address the concerns expressed. (*Id*. at p. 1198.)

Here, the court ordered defendant to "report any law enforcement contacts to the Probation Officer within 48 hours." This probation condition, like the one in *Relkin*, is vague and overbroad because it fails to put defendant on notice of what interactions he needs to report and does not delineate between casual contact with officers and contact involving criminal activity. (*Relkin*, *supra*, 6 Cal.App.5th at p. 1197.) The probation condition should specify the type of law enforcement contacts that must be reported—for example, those in which defendant "is questioned by law enforcement officers and is required to give identifying information, such as when he has been a witness to a crime or is suspected of possible involvement in a crime." (*People v. Brand* (2021) 59 Cal.App.5th 861, 871.)

Because it is unclear in this case what contacts require reporting, we conclude the condition is unconstitutionally vague and overbroad, and we will remand the matter for the trial court to make appropriate modifications.

7

## DISPOSITION

We remand the matter to the trial court with instructions to modify the probation condition that requires defendant to "report any law enforcement contacts to the Probation Officer within 48 hours" to address the concerns expressed in this opinion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
 J.

We concur:

RAMIREZ
 P. J.

McKINSTER
 J.

8